UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS, JR., | No. 2:20-cv-2449 AC P |
| Plaintiff, | |
| v. | ORDER |
| JENKINS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).
3        II.      Statutory Screening of Prisoner Complaints
4        The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
7  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
8  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).
9        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
12 theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,
13 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
14 stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
15 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
16 Franklin, 745 F.2d at 1227-28 (citations omitted).
17       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
18 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
19 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
20 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
22 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
23 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
24 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
25 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
26 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
27 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
28 cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Jenkins, Bartkiewicz, Baillie, and Duboise violated plaintiff's rights under the First Amendment and that defendant Best violated his rights under the Fourteenth Amendment. ECF No. 1. Plaintiff alleges that he filed a grievance against Jenkins and Bartkiewicz that was granted and resulted in his return to the yard where they worked. Id. at 3. Upon plaintiff's return to the yard, Jenkins and Bartkiewicz made various comments to him such as "Mr. 602 don't get comfortable you won't last to[o] long." Id. On May 11, 2020, after this had gone on for approximately a month, Jenkins, Bartkiewicz, and Baillie searched plaintiff's cell and left it trashed and Jenkins wrote him up for a fake rules violation in retaliation for the grievance. Id. at 3, 7.

On June 9, 2020, defendant Duboise, along with several non-defendant officers, conducted what they told plaintiff was a random cell search. Id. at 7. However, one of the officers told plaintiff to "get used to this" because Jenkins had said plaintiff liked filing grievances. Id. Duboise then wrote plaintiff up on falsified charges for disobeying an order. Id. at 4, 7.

On June 22, 2020, after Jenkins and Baillie approached plaintiff for having a shirt on his head, Jenkins issued another false rules violation for being out of bounds. Id. at 8. Defendant Best conducted the hearing on the charge and found plaintiff guilty. Id. at 4. As a result, plaintiff

was placed on C-status for ninety days and lost his property and communication privileges for ninety days.  Id.

      IV.      <u>Claims for Which a Response Will Be Required</u>

Plaintiff's allegations against defendants Jenkins, Bartkiewicz, Baillie, and Duboise are sufficient to state a claim for retaliation, see <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal), and they will be required to respond to the complaint.

      V.      <u>Failure to State a Claim</u>

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive certain procedural protections, including a sufficiently impartial factfinder.  See <u>id.</u> at 563-66, 570-71 (outlining required procedural protections).  In this case, plaintiff has not alleged the loss of any good time credits, and the <u>Wolff</u> court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."  <u>Id.</u> at 571 n.19.  Since plaintiff does not allege the loss of any good-time credits, he may also demonstrate that he is entitled to the due process outlined in <u>Wolff</u> by alleging facts showing that the disciplinary caused a change in confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  <u>Sandin v. O'Conner</u>, 515 U.S. 472, 484 (1995).

The complaint does not allege any penalties other than a ninety-day loss of privileges and placement on C-status for ninety days, which is insufficient to show an atypical and significant hardship.  See <u>id.</u>, 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.").  Plaintiff has therefore failed to state a claim against Best for depriving him of due process during

his disciplinary hearing.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Best. However, plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Jenkins, Bartkiewicz, Baillie, and Duboise on his retaliation claims or he may delay serving any defendant and amend the complaint. Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Jenkins, Bartkiewicz, Baillie, and Duboise without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the due process claim against defendant Best.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated claims for retaliation against defendants Jenkins, Bartkiewicz, Baillie, and Duboise and they will be required to respond to the complaint.  However, you have not alleged enough facts to state a claim against defendant Best for violation of your right to due process.

You have a choice to make.  You may either (1) proceed immediately on your retaliation claims against Jenkins, Bartkiewicz, Baillie, and Duboise and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your due process claim against Best.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims or information not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

1 | Director of the California Department of Corrections and Rehabilitation filed concurrently
2 | herewith.
3 |    3. Plaintiff's due process claim against defendant Best does not state claims for which
4 | relief can be granted.
5 |    4. Plaintiff has the option to proceed immediately on his retaliation claims against
6 | defendants Jenkins, Bartkiewicz, Baillie, and Duboise as set forth in Section IV above, or to
7 | amend the complaint.
8 |    5. Within fourteen days of service of this order, plaintiff shall complete and return the
9 | attached form notifying the court whether he wants to proceed on the screened complaint or
10 | whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court
11 | will assume that he is choosing to proceed on the complaint as screened and will recommend
12 | dismissal without prejudice of the due process claim against Best.
13 | DATED: August 2, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS, JR., <br><br> Plaintiff, <br><br> v. <br><br> JENKINS, et al., <br><br> Defendants. | No.  2:20-cv-2449 AC P <br><br> PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his retaliation claims against defendants Jenkins, Bartkiewicz, Baillie, and Duboise without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his due process claim against defendant Best pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

                                                       Kenneth O. Owens, Jr. <br>
                                                       Plaintiff pro se